UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK FLORENCE,

                          Plaintiff,

    -v-

STUDCO BUILDING SYSTEMS US, LLC,

                         Defendant.

_____

DECISION AND ORDER

14-CV-6426 CJS

APPEARANCES

For Plaintiff:                Frederick Florence, *pro se*
                                  95 Lehigh Avenue
                                  Rochester, New York 14619

For Defendant:             John C. Nutter, Esq.
                                  Lorisa D. LaRocca, Esq.
                                  Woods Oviatt Gilman LLP
                                  700 Crossroads Building
                                  Two State Street
                                  Rochester, New York 14614

INTRODUCTION

Frederick Florence ("Plaintiff") was employed by Studco Building Systems ("Studco") until he resigned following an argument with his supervisor. Plaintiff commenced this action under Title VII, alleging that he suffered discrimination based on his race and national origin. (Docket No. [#1]). Now before the Court is Studco's motion [#10] for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The application is granted and this action is dismissed.

BACKGROUND

On July 28, 2014, Plaintiff commenced this action, proceeding *pro se* and using a form employment discrimination complaint. On the form Complaint, Plaintiff indicated that he suffered "racial discrimination," and that his employer discriminated against him on the basis of "national origin," though he did not indicate his race or national origin. More specifically, Plaintiff indicated that he suffered such discrimination on July 17, 2014, the same day that he quit his job. The facts underlying his claim, in their entirety, are as follows:

> On June 17, 2014 me and my supervisor (Ken Barnes) were talking about a issue on the work floor, and I did not like how he was talking to me, he was yelling at me, so I walked out. Then I saw the owner (Gordon) walk in. So I went back to the office. I told Gordon what happened and Ken told his side, and Gordon says to me I do not understand you Americans[1] don't listen. So he finished talking to me and I walked out the office and quit, because I did not feel the respect from them and I felt real disrespected.

Complaint [#1] ¶ 19. On June 18, 2014, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). On July 24, 2014, the EEOC issued Plaintiff a "right to sue" letter, indicating that it had investigated his complaint and was unable to conclude that discrimination had occurred.

On January 13, 2015, Studco filed its Answer [#6] to the Complaint. On February 23, 2015, Studco filed and served the subject motion [#10] for judgment on the pleadings. In that regard, Studco maintains that the Complaint fails to state an actionable claim. On March 17, 2015, the Court issued a Motion Scheduling Order [#11], directing Plaintiff to file

---

[1] Studco is an Australian company with manufacturing locations in the U.S. *See, e.g.*, US State News, June 21, 2005, 2005 WLNR 14760686 ("The applicant is a manufacturer of steel framing systems headquartered in Australia. They have opened a U.S. manufacturing operation at 545 Basket Road in the Town of Webster[, New York].")

and serve any response to Studco's motion by March 31, 2015. The Order [#11] further indicated that the Court would hear oral argument on May 28, 2015. However, Plaintiff failed to respond to either Studco's motion or the Court's Order. The Court subsequently cancelled oral argument.

DISCUSSION

*Motion for Judgment on the Pleadings*

Defendant has moved for judgment on the pleadings, and "[t]he same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir.2010) (citation omitted). Such standard is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the complaint as true and

draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657 (2000).

"While a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, this Court affords *pro se* litigants 'special solicitude' by 'interpreting [a *pro se*] complaint to raise the strongest claims that it suggests.'" *Jackson v. Pfau*, No. 12–324–pr, 523 Fed.Appx. 736, 737, 2013 WL 1338712 at *1 (2d Cir. Apr. 4, 2013) (table) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011) (alterations and quotation marks omitted)). Moreover, even though Plaintiff failed to respond to Studco's motion, the Court must still consider whether his Complaint states a claim. *See, McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) ("[W]here the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint.") (citation and internal quotation marks omitted).

<u>Title VII</u>

Plaintiff's claim arises from conversations that he had with his supervisor and with Studco's owner, respectively, on June 17, 2014, after which he resigned because he did not feel "respected." However, feeling that one has been disrespected by a co-worker or supervisor is not enough to establish an actionable discrimination claim. In that regard, our courts have emphasized that "Title VII does not create a general civility code for the American workplace." *Adams v. Festival Fun Parks, LLC*, 560 Fed.Appx. 47, 51 (2d Cir. Mar. 21, 2014) (citation omitted).

Liberally construing the Complaint, Plaintiff's strongest possible claim is that he suffered a hostile work environment based on his race and/or national origin.[2] The Complaint [#1] does not specify Plaintiff's race, but the Court will assume for purposes of this discussion that he is a racial minority, though there is no indication that anyone made any reference to his race during the conversations that led to his resignation. Regarding the "national origin" aspect of his claim, it seems that Studco's owner, "Gordon," is not a U.S. citizen and made a disparaging remark about "Americans" "not listening." Accordingly, the allegedly discriminatory conduct consisted of: 1) Plaintiff's supervisor "yelling" at him; and 2) the company's owner telling Plaintiff that "you Americans don't listen."

However, to plausibly state a claim for hostile work environment discrimination under Title VII, the alleged conduct must be "severe and pervasive":

> [T]o establish a hostile work environment claim under Title VII, a plaintiff is required to provide evidence that his workplace was *permeated* with discriminatory intimidation, ridicule, and insult that is sufficiently *severe or pervasive* to alter the conditions of his employment and create an abusive working environment.

*Wright v. City of Syracuse*, — Fed.Appx. — , 2015 WL 1727169 at *2 (*citing Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir.2012)) (emphasis added, internal quotation

---

[2]The Complaint [#1] gives no hint that Plaintiff suffered an "adverse employment action" of the type that would be required to support a typical discrimination claim or retaliation claim. *See, e.g.*, *Talwar v. Staten Island University Hosp.*, — Fed.Appx. — , 2015 WL 2080989 at *1 (2d Cir. May 6, 2015) ("To establish a *prima facie* case of Title VII employment discrimination, a plaintiff must show that (1) she is a member of a protected class (2) who was qualified for the position she held, and (3) *suffered an adverse employment action* (4) under circumstances creating an inference of discrimination.") (emphasis added; citation omitted); *see also, Wright v. City of Syracuse*, — Fed.Appx. — , 2015 WL 1727169 at *2 (2d Cir. Apr. 16, 2015) ("To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) *an adverse employment action*; and (4) a causal connection between the protected activity and the adverse employment action.") (emphasis added, citation omitted).

marks omitted). "The incidents of allegedly offensive conduct must also be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Adams v. Festival Fun Parks, LLC*, 560 Fed.Appx. at 51 (citation omitted). On this point,

> [a] plaintiff must show that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of his working environment. Although a single act can meet this threshold if it transforms the plaintiff's workplace, isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness.

*Chukwuka v. City of New York*, 513 Fed.Appx. 34, 35-36 (2d Cir. Feb. 28, 2013) (citations and internal quotation marks omitted).

In the instant case, it is clear that Plaintiff was upset by his interactions with his supervisor and with Studco's owner on the day in question. However, the Complaint simply fails to allege facts sufficient to support an actionable hostile work environment claim on the basis of race or national origin. Consequently, the Complaint will be dismissed.

### *Motion to Re-Plead*

Although the *pro se* Plaintiff did not oppose Studco's motion or request leave to file an amended complaint, the Court is mindful that dismissals under FRCP 12(b)(6) are usually granted with leave to replead, unless the Court determines that such leave would be futile. *See, Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir.1991) ("[D]ismissals for insufficient pleadings are ordinarily with leave to replead.") (citation omitted); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."). A request to replead is futile where the problems with the complaint

are substantive, and would not be cured by better pleading. *See, Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

In this action, any attempt to replead would be futile, since the Complaint has already described the alleged discriminatory events, which are insufficient to establish actionable discrimination. "Better pleading" will not cure this substantive deficiency. Accordingly, leave to replead is denied.

## CONCLUSION

Defendant's motion [#10] is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: May 20, 2015
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge